**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ECOLAB INC. AND ECOLAB USA INC. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) C. A. No. |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| RECKITT BENCKISER LLC, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiffs Ecolab Inc. and Ecolab USA Inc. (collectively "Plaintiffs" or "Ecolab"), for their Complaint against Defendant Reckitt Benckiser LLC ("Defendant" or "Reckitt Benckiser"), hereby allege as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

## THE PARTIES

**Plaintiffs Ecolab Inc. and Ecolab USA Inc.**

2. Ecolab Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Ecolab Place, Saint Paul, Minnesota 55102.

3. Ecolab USA Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1 Ecolab Place, Saint Paul, Minnesota 55102.

**Defendant Reckitt Benckiser LLC**

4. On information and belief, Reckitt Benckiser is a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of

business at Morris Corporate Center IV, 399 Interpace Parkway, Parsippany, NJ 07054.

5. Upon information and belief, Reckitt Benckiser manufactures, sells, offers to sell, and/or uses products throughout the United States, including in this judicial district, and introduces infringing products into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

7. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Reckitt Benckiser because it is incorporated in Delaware and by doing so has purposely availed itself of the privileges and benefits of the laws of the State of Delaware.

9. Furthermore, this Court has personal jurisdiction over Reckitt Benckiser because, as described further below, Reckitt Benckiser has committed acts of patent infringement giving rise to this action within the State of Delaware and this judicial district and thus has established minimum contacts such that the exercise of personal jurisdiction over Reckitt Benckiser does not offend traditional notions of fair play and substantial justice.

10. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because Reckitt Benckiser is incorporated in this district.

## PATENTS-IN-SUIT

11. U.S. Patent No. 8,138,138 ("the '138 patent"), titled "Solidification Matrix Using A Polycarboxylic Acid Polymer," was duly and legally issued by the United States Patent and

Trademark Office on March 20, 2012. A true and correct copy of the '138 patent is attached as Exhibit A.

12. U.S. Patent No. 8,389,464 ("the '464 patent"), titled "Solidification Matrix Using A Polycarboxylic Acid Polymer," was duly and legally issued by the United States Patent and Trademark Office on March 5, 2013. A true and correct copy of the '464 patent is attached as Exhibit B.

13. Ecolab USA Inc. is the assignee and owner of the right, title, and interest in and to the '138 patent and '464 patent (collectively referred to as the "Patents-In-Suit"), including the right to assert all causes of action arising under said patents and right to any remedies for infringement of said patents.

## RECKITT BENCKISER'S ACCUSED PRODUCTS

14. Reckitt Benckiser develops, markets, and/or sells in the United States, and/or imports into the United States, dishwashing detergent tablets.

15. On information and belief, Reckitt Benckiser's detergent tablet formulations infringe the claims of the Patents-In-Suit, including for example, Finish Powerball Max in 1 Tablets, Finish Powerball Deep Clean Tablets, and Finish Powerball Classic Tablets (collectively, the "Accused Products").

16. Regarding the Accused Products, Ecolab alleges the following upon information and belief: Reckitt Benckiser's Finish Power Max in 1 Tablets are a stable solid detergent tablet that consist of a composition that contains polycarboxylic acid polymer, sodium carbonate (soda ash), water, and at least one functional ingredient. Reckitt Benckiser's Finish Power Max in 1 Tablets are hydrate solids. When heated to a temperature of 120 degrees Fahrenheit, Reckitt Benckiser's Finish Power Max in 1 Tablets are dimensionally stable and have a growth exponent

of less than 2%. Reckitt Benckiser's Finish Power Max in 1 Tablets contain less than 0.5% by weight phosphorous, and are considered substantially phosphorus free.

17. Regarding the Accused Products, Ecolab alleges the following upon information and belief: Reckitt Benckiser's Finish Powerball Deep Clean Tablets are a stable solid detergent tablet that consist of a composition that contains polycarboxylic acid polymer, sodium carbonate (soda ash), water, and at least one functional ingredient. Reckitt Benckiser's Finish Powerball Deep Clean Tablets are hydrate solids. When heated to a temperature of 120 degrees Fahrenheit, Reckitt Benckiser's Finish Powerball Deep Clean Tablets are dimensionally stable and have a growth exponent of less than 2%. Reckitt Benckiser's Finish Deep Clean Tablets contain less than 0.5% by weight phosphorous, and are considered substantially phosphorus free.

18. Regarding the Accused Products, Ecolab alleges the following upon information and belief: Reckitt Benckiser's Classic Tablets are a stable solid detergent tablet that consist of a composition that contains polycarboxylic acid polymer, sodium carbonate (soda ash), water, and at least one functional ingredient. Reckitt Benckiser's Classic Tablets are hydrate solids. When heated to a temperature of 120 degrees Fahrenheit, Reckitt Benckiser's Classic Tablets are dimensionally stable and have a growth exponent of less than 2%. Reckitt Benckiser's Classic Tablets contain less than 0.5% by weight phosphorous, and are considered substantially phosphorus free.

**NOTICE AND COMMUNICATIONS BETWEEN THE PARTIES**

19. With respect to the Patents-In-Suit, Ecolab has complied with the marking obligations of 35 U.S.C. § 287(a). Further, as it specifically relates to Reckitt Benckiser, Ecolab at least as early as February 3, 2022, provided actual notice of infringement with respect to the Patents-In-Suit and specifically identified Reckitt Benckiser's Accused Products.

20. On or about February 3, 2022, counsel for Ecolab spoke with in-house counsel for Reckitt Benckiser. During that call, counsel for Ecolab identified the Patents-In-Suit, explained how Reckitt Benckiser's Accused Products were infringing the Patents-In-Suit, and offered a resolution which could include a license.

21. To date Reckitt Benckiser has not agreed to take a license to the Patents-In-Suit.

## COUNT I
## Infringement of U.S. Patent No. 8,138,138

22. Ecolab re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

23. On information and belief, Reckitt Benckiser has and continues to directly infringe one or more claims of the '138 patent by making, using, importing, selling, and/or offering for sale the Accused Products.

24. By way of example only, the Accused Products infringed and continue to infringe at least claim 1 of the '138 patent. Claim 1 of the '138 patent reads as follows:

> 1. A solid detergent composition consisting essentially of:
> a polycarboxylic acid polymer selected from the group consisting of: a polyacrylic acid polymer having a molecular weight of between about 1,000 and about 100,000, a modified polyacrylic acid polymer having a molecular weight of between about 1,000 and about 100,000, and a polymaleic acid polymer having a molecular weight of between about 500 and about 5,000;
> sodium carbonate;
> water;
> less than 0.5% by weight phosphorous; and
> at least one functional ingredient;
> wherein the solid detergent composition is a hydrate solid, and if heated at a temperature of 120 degrees Fahrenheit, the solid detergent composition is dimensionally stable and has a growth exponent of less than 2%.

25. Upon information and belief, the Accused Products are stable solid detergent tablets that contain, among other ingredients, polycarboxylic acid polymer that is a polyacrylic acid having a molecular weight of between about 1000 and about 100,000.

26. Upon information and belief, the Accused Products are stable solid detergent tablets that contain, among other ingredients, sodium carbonate.

27. Upon information and belief, the Accused Products are stable solid detergent tablets that contain water.

28. Upon information and belief, the Accused Products contain less than 0.5% by weight phosphorous, and are considered substantially phosphorus free.

29. Upon information and belief, the Accused Products contain at least one functional ingredient.

30. Upon information and belief, when the Accused Products are heated to a temperature of 120 degrees Fahrenheit, the Accused Products are dimensionally stable and have a growth exponent of less than 2%.

31. Reckitt Benckiser's infringement has been and continues to be willful and with full knowledge of the Patents-In-Suit.

32. The foregoing infringement by Reckitt Benckiser has caused past and ongoing injury to Ecolab. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty for infringement of the '138 patent.

33. Each of Reckitt Benckiser's aforementioned activities has been without authority and/or license from Ecolab.

## COUNT II
## Infringement of U.S. Patent No. 8,389,464

34. Ecolab re-alleges and incorporates the allegations of the preceding paragraphs as if fully set forth herein.

35. On information and belief, Reckitt Benckiser has and continues to directly infringe one or more claims of the '464 patent by making, using, importing, selling, and/or offering for sale the Accused Products.

36. By way of example only, the Accused Products infringed and continue to infringe at least claim 1 of the '464 patent. Claim 1 of the '464 patent reads as follows:

> 1. A solid detergent composition consisting essentially of:
> a polycarboxylic acid polymer selected from the group consisting of: a polyacrylic acid polymer, a modified polyacrylic acid polymer, and a polymaleic acid polymer;
> sodium carbonate;
> water;
> less than 0.5% by weight phosphorous; and
> at least one functional ingredient;
> wherein the solid detergent composition is a hydrate solid, and if heated at a temperature of 120 degrees Fahrenheit, the solid detergent composition is dimensionally stable and has a growth exponent of less than 2%.

37. Upon information and belief, the Accused Products are stable solid detergent tablets that contain, among other ingredients, polycarboxylic acid polymer that is a polyacrylic acid.

38. Upon information and belief, the Accused Products are stable solid detergent tablets that contain, among other ingredients, sodium carbonate.

39. Upon information and belief, the Accused Products are stable solid detergent tablets that contain water.

40. Upon information and belief, the Accused Products contain less than 0.5% by weight phosphorous, and are considered substantially phosphorus free.

41. Upon information and belief, the Accused Products contain at least one functional ingredient.

42. Upon information and belief, the Accused Products are a hydrate solid as required by the claims of the '464 patent.

43. Upon information and belief, when the Accused Products are heated to a temperature of 120 degrees Fahrenheit, the Accused Products are dimensionally stable and have a growth exponent of less than 2%.

44. Reckitt Benckiser's infringement has been and continues to be willful and with full knowledge of the Patents-In-Suit.

45. The foregoing infringement by Reckitt Benckiser has caused past and ongoing injury to Ecolab. The specific dollar amount of damages adequate to compensate for the infringement shall be determined at trial but is in no event less than a reasonable royalty for infringement of the '464 patent.

46. Each of Reckitt Benckiser's aforementioned activities has been without authority and/or license from Ecolab.

## **PRAYER FOR RELIEF**

WHEREFORE, Ecolab respectfully requests that this Court enter a Judgment and Order in its favor and against Reckitt Benckiser as follows:

A. Finding that Reckitt Benckiser has infringed each of the Patents-In-Suit;

B. Awarding damages to be paid by Reckitt Benckiser adequate to compensate Ecolab for Reckitt Benckiser's past infringement of the Patents-In-Suit, and any continuing or

future infringement through the date such judgment is entered, including prejudgment and post-judgment interest, costs, expenses, and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

      C.      Granting a permanent injunction pursuant to 35 U.S.C. § 283 enjoining Reckitt Benckiser from further acts of infringement with respect to the Patents-In-Suit;

      D.      Awarding treble damages under 35 U.S.C. § 284;

      E.      Awarding Ecolab their costs, reasonable attorneys' fees, expenses, and interest;

      F.      Awarding such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMANDED

Ecolab hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| W. Bryan Farney<br>Farney PC<br>1008 S. Main Street<br>Georgetown, TX 78626<br>(512) 582-2810<br><br>Dated: May 12, 2023<br>10809649 | By: */s/ Jonathan A. Choa*<br>    Jonathan A. Choa (#5319)<br>    Andrew L. Brown (#6766)<br>    P.O. Box 951<br>    Wilmington, DE  19899<br>    (302) 984-6000<br>    jchoa@potteranderson.com<br>    abrown@potteranderson.com<br><br>    *Attorneys for Plaintiffs*<br>    *Ecolab Inc. and Ecolab USA Inc.* |