IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ECOLAB INC. AND ECOLAB USA INC.  )<br>                                                              )<br>        Plaintiffs,                              )<br>                                                              )   C. A. No. 23-519-GBW-SRF<br>    v.                                                    )<br>                                                              )   **JURY TRIAL DEMANDED**<br>RECKITT BENCKISER LLC,              )<br>                                                              )<br>        Defendants.                           ) | |

## ~~[PROPOSED]~~ SCHEDULING ORDER [PATENT CASES]

This 14th day of November, 2023, ~~the Court having conducted an initial Rule 16 scheduling and planning conference pursuant to Federal Rule of Civil Procedures 16(b) and Local Rule 16.1 on November 14, 2023, and~~ the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties, and to amend or supplement the pleadings shall be filed on or before **May 10, 2024**.

2. **Discovery**[1]. All fact discovery in this case shall be initiated so that it will be completed on or before **December 15, 2024**. Unless otherwise ordered by the Court, the limitations on discovery set forth in Local Rule 26.1 shall be strictly observed.

---

[1] Should the parties agree to modify the number of depositions under FED. R. CIV. P. 30, the number of allowed interrogatories under Rule 33 or limit the number of requests for production and/or requests for admission under Rule 34 and 36 respectively, they shall include the appropriate proposed provisions in this Order.

    a.    <u>Rule 26(a)(1) Initial Disclosures</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) within **five (5) days** of the date the Court enters this Order.

    b.    <u>E-Discovery Default Standard</u>. If they have not already done so, the parties are to review the Court's Default Standard for Discovery of Electronic Documents, which is posted on Magistrate Judge Fallon's section of the Court's website (http://www.ded.uscourts.gov) under the "Guidelines" tab, and is incorporated herein by reference.

    c.    <u>Initial Discovery in Patent Litigation</u>.[2]

    (i)    On or before **December 14, 2023**, Plaintiffs shall specifically identify accused products[3] known to plaintiffs, and the asserted patent(s) that the accused products allegedly infringe, and produce the file history for each asserted patent.

    (ii)    On or before **January 15, 2024**, Defendant shall produce Plaintiffs the core technical documents related to the accused product(s), including but not limited to operation manuals, product literature, schematics, specifications, product formulations, and methods of making the accused products.

    (iii)    On or before **February 14, 2024**, Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

    (iv)    On or before **March 15, 2024**, Defendant shall produce to Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents).

---

[2] As these disclosures are "initial," each party shall be permitted to supplement.
[3] For ease of reference, the word "product" encompasses accused methods and systems as well.

        (v)    Absent a showing of good cause, follow-up discovery shall be limited to a term of 6 years before the filing of the complaint, except that discovery related to formulations for the accused products and methods of manufacturing those products (including any changes to the formulations or methods of manufacturing), and asserted prior art or the conception and reduction to practice of the inventions claimed in any patent-in-suit shall not be so limited.

    d.    <u>Document Production</u>. Document production shall be substantially complete on or before **September 27, 2024**.

    e.    <u>Interrogatories</u>. A maximum of **25** interrogatories shall be served by each party to any other party.

    f.    <u>Contention Interrogatories</u>. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides (i.e., the more detail a party provides, the more detail a party shall receive).

    g.    <u>Requests for Admission</u>. A maximum of **50** requests for admission shall be served by each party to any other party (with no limit on requests for admission used solely to authenticate documents).

    h.    <u>Depositions</u>.

        (i)    <u>Timing</u>. In the absence of agreement among the parties or by order of the court, no deposition [**Plaintiffs' Position:** (other than those noticed under Fed. R. Civ. P. 30(b)(6)) **Defendant's Position:** (other than those noticed under Fed. R. Civ. P. 30(b)(6) or

3

~~inventor depositions on claim construction issues in view of inventor declarations submitted to the USPTO during prosecution)]~~ shall be scheduled prior to the completion of document production.

    (ii) <u>Limitation on Hours for Deposition Discovery</u>. Each side is limited to a maximum of **70** hours for taking fact depositions.

    (iii) <u>Location of Depositions</u>. Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

    i. <u>Disclosure of Expert Testimony</u>.

    (i) For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **January 15, 2025**.

    (ii) The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **February 17, 2025**.

    (iii) Reply expert reports from the party with the initial burden of proof are due on or before **April 4, 2025**.

    (iv) No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submission of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

4

j. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

k. <u>Expert Discovery Cut-Off</u>. All expert discovery in this case shall be initiated so that it will be completed on or before **May 10, 2025**.

l. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

(i) Should counsel find they are unable to resolve a discovery matter or those other matters covered by this paragraph,[4] the moving party (*i.e.*, the party seeking relief from the Court) shall file a "[Joint] Motion for Teleconference To Resolve [Protective Order or Discovery] Dispute." The suggested text for this motion can be found in Magistrate Judge Fallon's section of the Court's website in the "forms" tab, under the heading "Discovery Matters—Motion to Resolve Discovery Disputes."

(ii) The court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by the Court, generally not less than seventy-two (72) hours prior to the conference, excluding weekends and holidays, the party seeking relief shall file with the Court a letter, not to exceed four (4) pages, in no less than 12-point font, outlining the issues in dispute and its position on those issues. This submission shall include a proposed order, attached as an exhibit, setting out the nature of the relief requested. The parties shall file exhibits

---

[4] Counsel are expected to *verbally* discuss the issues/concerns before seeking the Court's intervention.

associated with their respective letter submissions as separate, individual attachments within the docket entry for the letter.

    (iii) On the date set by the Court, generally not less than forty-eight (48) hours prior to the conference, excluding weekends and holidays, any party opposing the application for relief may file a letter, not to exceed four (4) pages, in no less than 12-point font, outlining that party's reason for its opposition.

    (iv) Two (2) courtesy copies of the letters are to be hand delivered to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

    (v) Should the Court find further briefing necessary upon conclusion of the telephone conference, the Court will order it.

    (vi) Disputes or issues regarding protective orders, or motions for extension of time for briefing motions which are related to discovery matters are to be addressed in accordance with this paragraph.

    3. **Application to Court for Protective Order.** Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **ten (10) days** from the date of this Order. Should counsel be unable to reach an agreement on a proposed form of protective order, counsel must follow the provisions of Paragraph 2(l) above.

Any proposed protective order should include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this litigation, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who in other proceedings becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level

6

of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that party may have an opportunity to appear and be heard in the other proceeding.

4. **Papers Filed Under Seal.** When filing papers under seal, counsel should deliver to the Clerk an original and one (1) copy of the papers. In accordance with Section G of the Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. **Courtesy Copies.** The parties shall provide to the Court two (2) courtesy copies of all briefs and one (1) courtesy copy of any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.). This provision also applies to papers filed under seal.

6. **Interim Status Report.** On **October 14, 2024**, counsel shall submit a joint interim report to the Court on the nature of the matters in issue and the progress of discovery to date.

7. **Status Conference.** On **October 22, 2024** [handwritten "22" over "25"], the Court will hold a Rule 16(a), (b) and (c) conference by telephone with counsel beginning at **10 a.m.** Plaintiffs' counsel shall initiate the telephone call. At the time of this conference, counsel shall also be prepared to discuss the progress, if any, of settlement discussions and shall be prepared to discuss the possibility of setting up a settlement conference with the Court, counsel, and their clients. If all parties agree that there is nothing to report, nor anything to add to the interim status report or to this order, they shall notify the Court in writing before the conference is scheduled to occur, and the conference will be taken off the Court's calendar.

8. **Claim Construction Issue Identification.** On or before **April 12, 2024**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their

7

proposed claim construction of those term(s)/phrase(s). On or before **April 19, 2024**, the parties shall respond to and provide their proposed construction for any term(s)/phrase(s) presented by the other side for which the party did not initially provide a construction. These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **April 26, 2024**. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply stat that the party "requests" that the Court adopt the claim construction position(s) of [the party] set forth in the Joint Claim Construction Chart (D.I. [ ])."

9. **Claim Construction Briefing**. Plaintiffs shall serve, but not file, its opening brief, not to exceed 20 pages, on **May 17, 2024**. Defendant shall serve, but not file, its answering brief not to exceed 30 pages, on **June 14, 2024**. Plaintiffs shall serve, but not file its reply brief, not to exceed 20 pages, on **July 8, 2024**. Defendant shall serve, but not file its sur-reply brief, not to exceed 10 pages, on **July 22, 2024**. No later than **July 29, 2024**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

II. Disputed Constructions

    A. [TERM 1]

        1. Plaintiffs' Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs' Reply Position

        4. Defendant's Sur-Reply Position

    B. [TERM 2]

        1. Plaintiffs' Opening Position

        2. Defendant's Answering Position

        3. Plaintiffs' Reply Position

        4. Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

    10. **Hearing on Claim Construction.** Beginning at **10 a.m.** on ~~August 29,~~ *September 5,* **2024**, the Court will hear evidence and argument on claim construction. The parties shall notify the Court, by joint letter submission, no later than the date on which the Joint Claim Construction Brief is due (**July 29, 2024**): (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they would like to have allocated to them for the hearing.

    11. The Court shall issue its decision on claim construction on **October 28, 2024**.

12. **Case Dispositive Motions.**

    a. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 20, 2025** [a date approximately four months prior to the pretrial conference]. Answering briefs shall be served and filed on or before **July 11, 2025**. Reply briefs shall be served and filed on or before **July 25, 2025**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    b. **Concise Statement of Facts Requirement**. Any motion for summary judgment shall be accompanied by a separate concise statement, not to exceed six (6) pages, which details each material fact which the moving party contends is essential for the Court's resolution of the summary judgment motion (not the entire case) and as to which the moving party contends there is no genuine issue to be tried. Each fact shall be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

    Any party opposing the motion shall include with its opposing papers a response to the moving party's concise statement, not to exceed six (6) pages, which admits or disputes the facts set forth in the moving party's concise statement on a paragraph-by-paragraph basis. To the extent a fact is disputed, the basis of the dispute shall be supported by specific citation(s) to the record. Failure to respond to a fact presented in the moving party's concise statement of facts shall indicate that fact is not in dispute for purposes of summary judgment. The party opposing the motion may also include with its opposing papers a separate concise statement, not to exceed four (4) pages, which sets forth material facts as to which the opposing party contends there is a genuine issue to be tried. Each fact asserted by the opposing party shall also be set forth in a separate numbered paragraph and shall be supported by specific citation(s) to the record.

The moving party shall include with its reply papers a response to the opposing party's concise statement of facts, not to exceed four (4) pages, on a paragraph-by-paragraph basis. Failure to respond to a fact presented in the opposing party's concise statement of facts shall indicate that fact remains in dispute for purposes of summary judgment.

  c. <u>Page limits combined with *Daubert* motion page limits</u>. Each party is permitted to file as many case dispositive motions as desired provided, however, that each **SIDE** will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed. In the event a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each **SIDE**.[5]

  d. <u>Ranking of Summary Judgement Motions</u>. Any party that files more than one summary judgment motion shall number each motion to indicate the order in which the party wishes the Court to review its pending motions. The first motion the party wishes the Court to consider shall be designated #1, the second shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exception reasons determined *sua sponte* by

---

[5] The parties must work together to ensure that the Court receives no more than a *total of 250 pages* (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

11

the Court, the Court will not review any lower ranked summary judgment motions filed by the party.

13. **Applications by Motion.** Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

14. **Motions *in Limine*.** Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each ***SIDE*** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument and may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

15. **Pretrial Conference.** On **December 9, 2025**, the Court will hold a pretrial conference in Court with counsel beginning at **10 a.m.** Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rules of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than **seven (7) days** before the pretrial conference. Unless

12

otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachment. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

16. **Jury Instructions, Voir Dire, and Special Verdict Forms.** Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **seven (7) business days** before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to gbw_civil@ded.uscourts.gov.

17. **Trial.** This matter is scheduled for a 5-day jury trial beginning at **9:30 a.m.** on **December 15, 2025**, with the subsequent trial days beginning at 9:30 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 5:30 p.m. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

18. **Judgment on Verdict and Post-Trial Status Report.** Within **seven (7) days** after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

19. **Post-Trial Motions.** Unless otherwise ordered by the Court, all *SIDES* are limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply

briefs relating to any post-trial motions filed by that side, no matter how many such motions are filed.

      SO ORDERED, this __14th__ day of __November__, 2023.

/s/ _____
UNITED STATES MAGISTRATE JUDGE

| Event | Deadline |
|---|---|
| Rule 26(a)(1) initial disclosures | Within five (5) days of the date the Court enters this Scheduling Order |
| Protective Order | Within ten (10) Days of the date the Court enters this Scheduling Order |
| Disclosure by plaintiffs of accused products known to plaintiff, asserted patents, and file histories | December 14, 2023 |
| Disclosure by defendant of core technical documents | January 15, 2024 |
| Disclosure by plaintiff of initial infringement claim charts | February 14, 2024 |
| Disclosure by defendant of initial invalidity contentions, including invalidating references | March 15, 2024 |
| Claim construction - exchange list of claim terms that need to be construed and proposed constructions | April 12, 2024 |
| Claim construction - respond to and provide claim construction for terms presented by the other side | April 19, 2024 |
| Joint claim construction chart | April 26, 2024 |
| Joinder of other parties and amendments of pleadings | May 10, 2024 |
| Claim construction - plaintiff serves opening brief (not to exceed 20 pages) | May 17, 2024 |
| Claim construction - defendant serves answering brief (not to exceed 30 pages) | June 14, 2024 |
| Claim construction - plaintiff serves reply brief (not to exceed 20 pages) | July 8, 2024 |
| Claim construction - defendant serves sur-reply brief (not to exceed 10 pages) | July 22, 2024 |
| Claim construction - parties to file a joint claim construction brief | July 29, 2024 |
| Claim construction - hearing date and time | ~~August 29, 2024~~ September 5, 2024 at 10 a.m. |

15

| Event | Deadline |
|---|---|
| Document production (date on which production is substantially completion) | September 27, 2024 |
| Interim status report - parties to submit a joint letter to the court with an interim report of the matters in issue and progress of discovery | October 14, 2024 |
| Interim Status Conference | October 22, 2024 at 10 a.m. |
| Claim construction decision | October 28, 2024 |
| Fact discovery cut-off date | December 15, 2024 |
| Opening expert reports (based on initial burden of proof) | January 15, 2025 |
| Rebuttal expert reports | February 17, 2025 |
| Reply expert reports | April 4, 2025 |
| Expert discovery cut-off | May 10, 2025 |
| Case dispositive motions and *Daubert* motions [need to be 4 months prior to the pretrial conference, calculated from the conclusion of the briefing] | June 20, 2025 |
| Case dispositive answering briefs and *Daubert* answering briefs | July 11, 2025 |
| Case dispositive reply briefs and *Daubert* reply briefs | July 25, 2025 |
| Jury instructions, voir dire, and special verdict forms | Seven (7) business days before pretrial conference |
| Pretrial order (including motions in limine) | Seven (7) days before pretrial conference |
| Pretrial conference | December 9, 2025 at 10 a.m. |
| Trial | December 15, 2025 |
| Judgment on verdict and post-trial status report | Seven (7) days after a jury returns a verdict |

16